The Honorable, the Judges of the United States Court of Appeals for the Fourth Circuit Mr. Albro, Ms. Albro Good morning. May it please the Court. I'm here on behalf of the appellant, Mr. Furlow. He has raised issues related to whether certain convictions are ACCA and career offender predicates. In particular, he has challenged whether South Carolina Code 44-53-375 qualifies. And the key issue is whether that's a divisible statute. While the Supreme Court has provided many guidelines for what to look at to determine whether a statute is divisible, the most compelling evidence in this case is the way South Carolina prosecutors have pled drug indictments. Mr. Furlow's indictment, which is in the joint appendix at page 74, lists not only all of the alternatives that are in the statute 375, but it adds terms from both of South Carolina's trafficking statutes, one of which is under another subsection of 375. It includes the language sell and it uses the language cultivate, which is found in 44-53-370E, which is the general drug statutes trafficking portion. Plus, the knowingly and intentionally possessing language from both of the trafficking statutes are also in Mr. Furlow's indictment. Nonetheless, it's not uncommon for South Carolina indictments for these particular drug offenses to be listed in that way. There are numerous alternatives. Yes, but manufacturing and distribution and purchasing, they really aren't the same offense, are they? I mean, they're dramatically different. They're often charged differently. In South Carolina, all of those terms are very often pled in the indictment. And the best evidence I have that- They plead them all and change the or to an and. Is that the way they do it? I think they leave it or. They quote the entire statute. I mean, I can look Mr. Furlow's up, but I'm pretty sure they leave the or in. Normally, they put an or in there. It makes it duplicitous. Correct. And that was Mr. Furlow's argument that was in the briefing, is that it's duplicitous. And to adopt- You aren't up here on appeal. There isn't anything about duplicity. Well, in the brief, I pointed out that South Carolina recognizes duplicity, that it would be unconstitutional to charge South Carolina defendants, including Mr. Furlow, in this way and result in a conviction. I'm not challenging that his particular conviction- You know, manufacturing and distribution and purchasing, I just find it very difficult to say that those are one and the same offense. And I understand that. And I'll be very honest with you. I don't think that the South Carolina cases are very helpful in that regard. But I do think- Those verbs have different elements. And whether, you know, when you're submitting a charge of manufacturing or distribution, that's going to be charged to the jury with different elements than a charge of simply purchasing. It's not- These are not just means. I don't see how manufacturing and purchasing can be just different means of committing a particular offense. To me, they have different crimes and they have different elements, and they're going to be- Even if they're not charged separately, they're going to be- would be in different counts, and they would be submitted to the jury with the elements particular to each. Well, that's the problem. They aren't submitted in different counts. They're all listed. And although for 375B, which is the general drug statute on methamphetamine and cocaine, doesn't have- there's no state case that I can find on that that specifically or explicitly says whether they're means or elements. However, 375- this 44-53-375C, which is the trafficking version, also lists manufacture, deliver, purchase, or brings into this state. In this case- Can you just wait and not talk over? Because I'm having enough trouble. I apologize. I thought I was answering. I apologize. In this case, we have an opinion by one of our colleagues. It's unpublished, but that doesn't mean it's unpersuasive. And Judge Keenan has written in this Marshall case and says, however, we conclude that the statutes do not list alternative means of committing a single crime, but instead set forth alternative elements constituting separate crimes. The statutes are therefore divisible, subject to the modified categorical approach. Now, that's Judge Keenan's opinion. It's unpublished, but it still can be persuasive, and it would be just odd shortly after that panel had issued that opinion for us to come down with a contradictory result. And she goes on, and she says, South Carolina juries typically are instructed to find one of the alternative elements listed in a statute beyond reasonable doubts. And so her opinion is I find really very little reason to take issue with her reasoning and just set forth there. Well, I understand that two of you have been on panels where these unpublished opinions about South Carolina drug statutes have come out. This is not just an unpublished opinion. It has lengthy reasoning to it. It's not a one paragraph kind of thing. Judge Keenan goes into great detail and gives extensive reasons for the conclusion that she reaches. So there are unpublished opinions, but then there are other unpublished opinions, and some of them are admittedly threadbare, and others of them are quite thorough. And this belongs in that latter category. Well, I understand that I have an uphill battle, but I'm going to do my best to use the Supreme Court guidance and the South Carolina law and address some of the cases in Marshall. But what I will say is that the trafficking statute that I referenced, 375C, does refer to manufacture, deliver, purchase, bring into the state, plus the aiding and abetting language. And two South Carolina Supreme Court cases specifically say that those are... It has aiding and abetting language and conspiracy language. It does. And there are two South Carolina cases. It sounds like it's divisible. It's got aiding and abetting and conspiracy thrown in there. The South Carolina Supreme Court in the Raffalt and the Hardin cases, which Raffalt was cited in the brief and then Hardin was in the 28J response to the government's 28J letter, clearly show that both of the trafficking statutes, 370E and 375C, list means. That's what those cases say. They specifically call them means, and I believe what I wrote in my response, the term that the Hardin case uses, they specifically say that, quote, may be accomplished by several means, including conspiracy, unquote. So there is no doubt in South Carolina, based on the Supreme Court law of that state, that the trafficking statutes that list all of those alternatives refer to them as means. They say that trafficking can be committed by conspiracy. Trafficking can be committed by manufacturing. So... I'm not sure what bearing that has upon the particular question here. We have a Fifth Circuit case that says a statute like this is divisible. And there are also references to other South, in Judge Keenan's opinion, to other South Carolina cases, Watson being the chief one, which indicates that it would be divisible. But just as a matter of common sense, it's hard for me to say that purchasing drugs is the same offense as manufacturing them. They are absolutely of different orders of magnitude. One, the purchasing is beyond being a predicate offense. And under the ACCA and sentencing guidelines. But manufacturing is. All right, now, why is one not, under the ACCA and the sentencing guidelines, is not a qualifying offense, and why is the other a qualifying offense? And the reason they're differentiated is because they're different offenses of a vastly different order of magnitude. In terms of what Congress wanted, it wanted to punish serious drug offenses seriously. And manufacturing and distributing drugs is a serious drug offense. Purchasing drugs is not as serious a drug offense. And when one looks at what Congress would want, it would want to punish the serious ones and leave the non-serious ones to be not qualifying predicate offenses. Breaking it out that way makes all the difference in the world in terms of the objectives of what these provisions were set out to accomplish. Well, I understand that that would accomplish the goals of Congress for the ACCA and career offender. And I understand that most states would divide them out. But what I'm trying to point the court to is that South Carolina, for whatever reason— This is what South Carolina did. But what I thought made this divisible was the fact they threw in aiding and abetting language. And then they threw in conspiracy language, which makes it three types of offenses at least, if you group them. But if you put all the first four or five alternatives together, this means you've got a lot of federal statutes that look something like that, too. And then you get into aiding and abetting. The federal code has it in a separate section of the Title 18. You get into conspiracy, the federal code's got it in separate sections of Title 18 and Title 21, the conspiracy offenses. That's correct. But here it throws it all together. And at least those—you've got a substantive offenses, aiding and abetting may be treated differently. Conspiracy definitely is a different offense in the way we see it day to day in the federal code. And think mostly in the state codes. I agree. And I don't disagree that the South Carolina law in this is— Well, apart from being divisible, when you do have a divisible statute, you have a much better chance of taking the blindness out of the categorical approach and finding out what somebody actually did by consulting the Shepard documents, such as the plea colloquy and the indictment. And then so rather than lumping all these offenses together, we can say, is this individual guilty of a serious offense or is it a more innocuous one? And you look at the plea colloquy in this case, and he— the predicate offense did not simply relate to purchasing. It related to the offenses that are covered. And that leads us to make the categorical approach just marginally less blind. And that's why you have a divisible statute, to make sentencing just a little bit less blind. I understand, Your Honor. The divisibility in this case, like I said, the most compelling thing is the fact that indictment after indictment after indictment, even in some of the unpublished cases that have come out of this court, lists all of these alternatives, or at least some of these alternatives. You mean indictments in South Carolina? You're talking about federal indictments or state indictments? The state indictments. And the state indictments that were at issue in Marshall and Rhodes and so forth. So they charge the conspiracy in there with the substantive offense in the same count? They do. I'm sorry. No, no, please. Then you look to the plea colloquy. That's not—you know, the indictment is not the only Shepard-approved document. At any rate, Judge Duncan? You may have answered this, and I missed it. How would it get charged to the jury? I mean, how would the jury be instructed? The jury—South Carolina has taken the jury instructions off of the South Carolina judiciary website. I cited what the trafficking indictment was—excuse me, the trafficking jury charge was. This just goes back to a question someone asked earlier. I just can't see how they can be instructed as having the same elements. It just doesn't work. And that's why I refer to the trafficking jury instructions and the trafficking cases, because they refer to them as means. And they say—they call it trafficking by conspiracy or trafficking by distribution. I do understand. Thank you. It's a little—thank you. Thank you. I don't disagree that it's hard to wrap your head around what South Carolina has said. Or how it works. Correct. How it could possibly work. Thank you. Thank you. Mr. Daly. May it please the court. The statute at hand here, 375B, is identical to 370A, except for the fact that 375B deals with methamphetamine and crack cocaine. So for all intents and purposes, those two statutes are the same. And if you look at two particular cases, the Brown case and the Watson case, it is clear that these are separate offenses. And could there be some—I don't want to use the word— The South Carolina Supreme Court has said so. Watson is probably the clearest example of it. Watson's a court of appeals. Well, so here's the thing. Once you start down the list and they say distribution is, PWID is, I mean the whole problem here is that they stuck purchasing in, right? Otherwise, we're not here. And so they say purchasing is separate and PWID is separate. And then, of course, they talk about the fact manufacturing is separate. There is no doubt that if you want to, you can cherry pick out some assistant solicitor in some of the 46 counties in South Carolina that charge in a way that isn't maybe as precise as we'd like in federal court. But you have a previous well thought out opinion of this circuit in the Marshall case. You do. Which goes into great length saying that this is divisible. Correct. And we have the South Carolina court in Watson saying it's divisible. We have the Fifth Circuit saying in a very similar context that it's divisible. We have the fact that Congress wanted to punish serious drug offenses and make them qualifying and not punish more marginal and less serious. They didn't want those to qualify. And this effectuates that congressional purpose. Plus the fact it's easier to implement because the way in which these cases are going to be charged, you're going to charge a manufacturing count different from a purchasing count. You often are. In fact, it's funny you bring that up. Yesterday as I was leaving, we're getting a lot of these because there's a number of cases being held until this issue gets resolved in this court. And it was a manufacturing. And it just was a straight manufacturing. That's all that was alleged. Now, in this case. I just can't imagine equating a manufacturer with a purchaser. To me, a manufacturer is, in times, is evil. Well, and as a matter of fact, in the 445 statute, which is the proximity to a school, they actually break out the fact that purchasing is a misdemeanor and it has a different punishment in the 445 statute. So the bottom line is if you look at Watson and you look at Brown, Brown actually involved 375B. It is clear that these are separate offenses. And the way the statute is constructed, there's no reason that if you've named four out of the five in the list as separate offenses, that somehow that means that there isn't. It has to be divisible. It has to be. Justine, do you have further questions? I ask you how many offenses potentially are, if you divide it up, how many are there? You haven't answered that yet. 13, 18, or 23, I think. You think? Yep. Now, do they all get charged in court? I don't think so. In fact, it doesn't appear that people get charged with mere purchase under this statute. I've never seen that actually. 13, or 18, or 23, just in 375B. Correct. Those are options that could be charged. Yeah, right. And what I would say is. Is that your view or the view of your officers? Is that the view of the South Carolina court? That's the view of me counting. That's your view. Right. No, no, yes. That's just my honest. Yeah, that's what I was looking for. I thought that question might get asked, so I sat down with my calculator. Yes. You say this statute isn't used for purchasing. I haven't seen anybody charged with straight purchasing in this. And what happens is when it gets to trial. Prosecutors do that all the time. They list them all. The federal kidnapping statute has about six or eight options of what they call kidnapping, and decoying, and tricking, and inveigling, and a bunch of things like that. And you put them all in there. Right? Yeah. We do sometimes. Not always. But what I would tell you is if you look at Brown and you look at Watson, what you see is this gets, and this goes to her duplicity argument, it gets cleaned up either at the plea colloquy. In this case, the judge says, charged with distribution. You're pleading guilty to distribution. Controlled by. And so that's what he actually pled to, 375B. Again, there are . . . Excuse me? The or, if it gets in the indictment, can mess it up. And a lot of that . . . You can put that in the instruction, but you should be changing the or to an and in the indictment, I think. I will tell you that if you were to look at some of the interstate prosecutors have a much higher volume of work, and the precision with which they may charge is not always quite the same as the federal courts. And that's just a reality. Okay. Define duplicity. How is it being used? How are you using that term? Well, I'm using it because she used it. I think . . . I was going to ask her, too. Okay. So I looked at duplicity, and I looked at the case she pointed us to, State v. Samuels. And I think it is an instance where you don't want to get charged with . . . If you have more than one crime that you're charged with, and you don't at some point know either the jury doesn't get instructed or they don't figure out what's being charged . . . Is it being used in the context of duplication? Duplication, I think it only is a problem under State law, best I can tell, if you get punished for the additional offense. This is just a debate I had. Oh, okay. Also one about the use of the term duplicity. And people use duplicity in the double jeopardy context. It gets very . . . And when you read some of the State cases, sometimes they kind of start toggling back and forth. And so it's not precise by any means. It's also not correct, but that's okay. And if she . . . It wasn't precise. And if she . . . If Mr. Furlow wanted to attack his claim as being duplicitous, it's not to come up here, but it's to go back and say, hey, you're not following what the State Supreme Court says you've got to do under Watson or under Brown. Thank you. If the Court has nothing further, we would ask for you to affirm the judge's . . . Thank you. Ms. Albrook. Thank you. Do you want me to define duplicitous? I would like to know. I just . . . It's . . . Or just tell me, do you use it as synonymous or interchangeable with duplicative? No. I've used it as the legal term duplicitous, multiplicitous, and the way this Court has defined it is joining in a single count of two or more distinct and separate offenses. Okay. And the State versus . . . And a duplicitous indictment is defective. It's constitutionally defective. Correct. And State versus Samuel . . . That's the reason you need to change it. You don't charge in the disjunctive. You've got to charge in the conjunctive. Correct. Struck in the disjunctive, and then the jury only has to find one of those things. Any of them will satisfy the charge. Right. And whether we agree or don't agree, the fact of the matter is, the State charges the way it charges. And because I wanted to point out that this is what happens in South Carolina, I attached as an addendum to my brief Mr. Watson, the case that the Marshall case relies on, his indictment. And his indictment includes all that language, including the attempt to conspire, manufacture, distribute, and included the purchase language. So as Mr. Daley said, he hasn't seen just a pure purchasing indictment. But the reason is because the purchase language is always included with everything else. And whether we can all see that manufacture would be different than purchase and distribution, the fact of the matter is, if this is . . . They charge them all, and all they've got to do is prove one of them. That's what they do. Correct. And then if they're convicted of this, we have to assume that all of these drug defendants in South Carolina have been convicted under an unconstitutional indictment. It's not an unconstitutional indictment. If they charge it in the conjunctive, they only have to prove one of those alternatives to prove the offense. One of the alternatives. You have to prove in the disjunctive and charge the jury in the disjunctive, but you have to allege in the indictment the conjunctive. We've explained that in opinion. They allege that it in the . . . We have, in the federal court system. Okay. If there are no further questions . . . Thank you very much. Thank you. We'll come down to adjourn court and come down and greet counsel. This honorable court stands adjourned. Sign and die. God save the United States and this honorable court.
judges: J. Harvie Wilkinson III, Robert B. King, Allyson K. Duncan